# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ALVIN CHRISTMAS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>RICHARD BROWN, )<br>)<br>Respondent. ) | No. 2:10-cv-320-WTL-WGH |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

Alvin Christmas ("Christmas") seeks habeas corpus relief with respect to his 2002 convictions for murder and robbery. Having considered Christmas' petition, the respondent's return to order to show cause, Christmas' pro se reply [29], and the expanded record, the court finds that Christmas' habeas petition must be **denied** and this action **dismissed with prejudice.** In addition, the court finds that a certificate of appealability should not issue.

### I.

**A. Background**

The pleadings and the expanded record establish the following:

1. Following trial, a jury found Christmas guilty of murder and robbery resulting in serious bodily injury. He was also found to be a habitual offender. Christmas was then sentenced to an aggregate sentence of 145 years.

2. Christmas' conviction and sentence were affirmed on direct appeal in *Christmas v. State,* No. 20A03-304-CR-116 (Ind.Ct.App. December 8, 2003) (*Christmas I*). The trial court's denial of Christmas' petition for post-conviction relief was affirmed in *Christmas v. State*, No. 20A03-0903-PC-102 (Ind.Ct.App. Dec. 22, 2009) (*Christmas II*). The Indiana Supreme Court denied Christmas' petition for transfer.

3. The circumstances surrounding Christmas' prosecution were summarized by the Indiana Court of Appeals in *Christmas I*:

On the night of August 24 to August 25, 2001, Cassie Gibson (Gibson) contacted Christmas to buy some crack cocaine from him. They agreed to meet in the parking lot of the Elkhart General Hospital emergency room where she planned to take her friend, Autumn Attkisson (Attkisson), who needed emergency care. When Gibson arrived at the parking lot, Christmas was already there, waiting with his girlfriend, Regina McCain (McCain). Gibson got into the back seat of Christmas' maroon-colored Chrysler and asked him for some crack cocaine on credit. Since she already owed Christmas $60, he refused. Gibson then asked Christmas to drive her to Valente Ramirez' (Valente), who was living on Washington Street, in Elkhart, Indiana, with his brother. Valente regularly paid her as a prostitute, and she was hoping to get some money from him to pay her debt to Christmas and to purchase more crack cocaine.

On the way to Valente's, Gibson informed Christmas that she would just enter the house, take his wallet, and leave again. Before arriving at the apartment, Christmas let Gibson smoke some crack cocaine. Upon their arrival at Valente's residence, Christmas parked in the parking lot, and Gibson went up to the apartment. After knocking on the door, Valente let her in. Valente's brother, Jorge Ramirez (Jorge) was asleep on the living room floor. When Valente went into the bathroom, Gibson took his wallet and left the apartment. After returning to Christmas' car, Gibson saw that Valente's wallet only contained $20; nevertheless, she told Christmas that the wallet was empty. Christmas became angry, so Gibson informed him the Jorge's wallet probably contained a lot of money if he was interested in making money. Gibson offered to return to the apartment, and after having sex with Valente, she would call Christmas to let him in.

After Gibson went back to the apartment, Christmas drove to his home. McCain remained in the car while Christmas went into his apartment. When he returned to the car, he put something in the trunk, and told McCain to drive back to Valente's house on Washington Street. In the meanwhile, Gibson had sex with Valente on the dining room floor. After they finished, Valente woke up Jorge and retrieved twenty dollars from him, which Valente handed to Gibson. After she received the money, Gibson phone[d] Christmas to tell him that she would let him in. As soon as she saw Christmas on the front porch, Gibson exited and Christmas entered Valente's apartment. Christmas closed the front door.

**Inside the apartment, Christmas ordered Valente to lay on the ground while he walked towards the area where Jorge was sleeping. After ordering Jorge to get up, Christmas shot him in the head. Jorge moaned and fell on his side; he later died of his injuries. Christmas waved the gun while walking. After Christmas approached Valente, Valente got up from the floor and lunged at Christmas, who shot Valente in the hand and forehead. Valente then fled the house.**

**Upon hearing gunshots, Gibson ran back to the car. When Christmas returned to the car, he was carrying a brown wallet and a gun in his right hand. Getting in the passenger's side of the car, Christmas divided up the money found in the wallet and gave Gibson $120. Gibson paid off her debt to Christmas and purchased another twenty dollars' worth of crack cocaine. McCain drove Gibson to a friend's house where she threw away the wallet.**

*Christmas I*, at pp. 3-4.

4. Christmas filed his petition for writ of habeas corpus on December 3, 2010.

**B. Habeas Claims**

Christmas now claims that: 1) his trial counsel was ineffective; 2) his appellate counsel was ineffective; 3) the Indiana court denied Christmas' constitutional rights by denying him the ability to test blood samples from the crime scene; and 4) the prosecutor committed misconduct by presenting perjured testimony by witness Kelly Thomas.

**C. Applicable Law**

Christmas seeks relief pursuant to 28 U.S.C. ' 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, became effective on April 24, 1996, and governs the habeas petition in this case because Christmas filed his petition after the AEDPA's effective date. Under the AEDPA, a federal court may not grant habeas relief unless the state court's adjudication of the claim resulted in a decision that (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Based on the above standard, federal habeas relief is barred for any claim adjudicated on the merits in state court, "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). Under the "contrary to" clause, a federal court may issue a writ of habeas corpus if the state court applied a rule that "contradicts the governing law" set forth by the Supreme Court or if the state court reached a different outcome based on facts "materially indistinguishable" from those previously before the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000); *see also Calloway v. Montgomery,* 512 F.3d 940, 943 (7th Cir. 2008). Under the "unreasonable application" clause, a petitioner must show that the state court's decision unreasonably extended a rule to a context where it should not have applied or unreasonably refused to extend a rule to a context where it should have applied. *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008) (citing *Jackson v. Miller,* 260 F.3d 769, 774 (7th Cir. 2001)).

A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error," and § 2254(e)(1) provides the mechanism for proving unreasonableness. *See Ward v. Sternes,* 334 F.3d 696, 703–04 (7th Cir. 2003). "A state court decision that rests upon a determination of fact that lies against the clear weight of the evidence is, by definition, a decision 'so inadequately supported by the record' as to be arbitrary and therefore objectively unreasonable." *Id.* at 704 (quoting *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir. 1997)).

In summary: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be." *Id.*

**D. Ineffective Assistance of Trial Counsel**

Christmas claims that he was denied the effective assistance of trial counsel. Specifically, Christmas claims that trial counsel was ineffective by failing to: 1) seek a continuance in order to have forensic samples tested for DNA; 2) interview and present alibi and crime scene witnesses; 3) investigate and move to suppress evidence based on Christmas' warrantless arrest that lacked probable cause and reasonable suspicion; 4) investigate probable cause and initial hearing; and 5) investigate credibility of witnesses Cassie Gibson and Regina McCain.

The Sixth Amendment guarantees a criminal accused the right to assistance of counsel, and Athe right to counsel is the right to the effective assistance of counsel.@ *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland*

*v. Washington,* 466 U.S. 668, 684 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.,* at 686. For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.*, at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

The foregoing outlines the straightforward features of *Strickland's* two-prong test. In the context of a case such as Christmas presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

*Failure to seek a continuance to have forensic samples collected*, f*ailure to investigate probable cause and initial hearing and failure to investigate the credibility of witnesses*. Christmas claims that his trial counsel was ineffective in failing to seek a continuance in order to have forensic testing completed. Respondent argues that petitioner did not raise this issue on appeal from post-conviction review.

In Christmas' brief on post-conviction appeal, Christmas mentions that trial counsel failed to request a continuance, but does not elaborate on this topic in the arguments made for his ineffective assistance of trial counsel claims. The Indiana Court of Appeals noted that "Christmas raised additional issues under the rubric of ineffective assistance of trial counsel to the post-conviction court, but does not raise them on appeal. As such, those issues are waived." *Christmas II*, at p. 8 n.3

This waiver constitutes procedural default. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992)(procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"); see also *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002). In turn, this finding of procedural default limits the availability of federal relief. See *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). Here, Christmas does not overcome the procedural hurdle in the finding of waiver and, therefore, he is not entitled to relief on this claim.

Christmas claims that trial counsel failed to investigate probable cause and initial hearing which were conducted without counsel. This claim is procedurally defaulted because it was never presented to the Indiana appellate courts. Similarly, Christmas claims that trial counsel failed to investigate the credibility of two witnesses regarding their relationships with Christmas and the lead detective. Christmas procedurally defaulted this claim in his post-conviction appeal and in his petition to transfer.

*Failure to investigate or challenge search and seizure that led to Christmas' arrest.* Christmas raised this claim on appeal from post-conviction review. The Indiana Court of Appeals explained:

> Christmas first contends that his trial counsel did not adequately investigate or challenge the allegedly unlawful search and seizure that led to Christmas' arrest. He maintains that he was arrested without probable cause or reasonable suspicion and that the police did not have either an arrest warrant or search warrant at the time of his arrest. But police arrested Christmas after three witnesses identified him as the perpetrator. Thus, Christmas cannot show that any challenge to the legality of his arrest would have been successful.

*Christmas II*, at pp. 6-7. The Indiana Court of Appeals considered this claim and reasonably applied clearly established federal law. Accordingly, Christmas is not entitled to relief as to this claim.

*Failing to interview and present alibi and crime scene witnesses.* Christmas claims that his trial counsel was ineffective in failing to interview and present alibi and crime scene witnesses. Christmas raised this claim at his post-conviction appeal. The Indiana Court of Appeals recognized the *Strickland* standard, *Christmas II* at pp. 5-6. The Indiana Court of Appeals noted that Christmas' counsel had strategic reasons for not presenting certain witnesses, and concluded that there was no deficient performance by trial counsel. *Id.*, at p. 8.

The Indiana Court of Appeals did not apply this standard in a manner contrary to the holdings of the United States Supreme Court, nor did its analysis constitute an objectively unreasonable application of *Strickland's* standard requiring both deficient performance and prejudice. There was no deficient performance of counsel under these circumstances. It has been noted that "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997). While such errors do occur, *e,g., Brown v. Sternes,* 304 F.3d 677 (7th Cir. 2002); *Roche v. Davis*, 291 F.3d 473, 483-84 (7th Cir. 2002), no such error occurred in Christmas' case. Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Christmas' claims of ineffective assistance of trial counsel do not support the award of habeas corpus relief. *Murrell v. Frank,* 332 F.3d 1102, 1111-12 (7th Cir. 2003)(citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

### E. Ineffective Assistance of Appellate Counsel

Christmas claims that his appellate counsel was ineffective in failing to investigate and have forensic samples tested for DNA evidence. Christmas is procedurally barred from raising this claim in his federal petition because he did not properly raise this claim in state court.

### F. Denial of the ability to test blood samples from the crime scene

Christmas claims that he was denied his constitutional rights by denying him the ability to test crime scene blood samples. Christmas tried to raise this claim in his successive petition for post-conviction relief. The Indiana Court of Appeals found that Christmas "failed to establish a reasonable probability that he is entitled to post-conviction relief, and accordingly, the court declines to authorize the filing of the petition." This finding by the Indiana Court of Appeals is an independent and adequate state law ground. The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims *because the prisoner had failed to meet a state procedural requirement.*" *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991) (emphasis added).

> A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review.

*Szabo v. Walls,* 313 F.3d 392, 395 (7th Cir. 2003) (citing cases); *Moore v. Bryant,* 295 F.3d 771, 774 (7th Cir. 2002) (AA federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state

procedural ground that is independent of the federal question and adequate to support the judgment.@).

**G. Prosecutorial Misconduct**

Christmas claims that the prosecutor knowingly presented perjured testimony. The Indiana Court of Appeals noted that, "To the extent Christmas asserts freestanding claims alleging prosecutorial misconduct on appeal from his petition for post-conviction relief, those issues are not available for review because they were known and available on direct appeal." *Christmas II*, p. 6 n.2 (citation omitted). The rejection of this claim in *Christmas II* rested on an independent and adequate state ground. Christmas does not overcome the procedural hurdle in the finding of waiver. He is therefore not entitled to a review of the merits of his claim regarding prosecutorial misconduct.

**H.  Conclusion**

Christmas= conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[1] As the foregoing discussion demonstrates, this court=s view is that he received all that the Constitution requires.

> For a trial to be constitutionally sound requires . . . a trial where the prosecutor must prove all elements of a crime beyond a reasonable doubt in order to convict; where the prosecutor adheres to certain rules of conduct that guarantee a fair trial and a proper consideration of the defendant=s theories and supporting evidence; where the jurors consider only evidence adduced by the parties and that a defendant has had an opportunity to rebut; and where a defendant enjoys the right to cross-examine adverse witnesses.

*Gall v. Parker,* 231 F.3d 265, 277-78 (6th Cir. 2000).

---

[1]Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke V. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 468 (1938)).

This court has carefully reviewed the state record in light of Christmas' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Christmas to relief in this case. Christmas' petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

Mr. Welke's CJA appointment will terminate upon the docketing of this Entry and of the accompanying judgment.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Christmas has failed to show (1) that reasonable jurists would find this court's Aassessment of the constitutional claims debatable or wrong,@ or (2) that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/08/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Alvin L. Christmas
**#128462**
1000 Van Nuys Road
P.O. Box A
New Castle, IN 47362

Kelly A. Miklos
**OFFICE OF THE INDIANA ATTORNEY GENERAL**
kelly.miklos@atg.in.gov

Brent   Welke
**WELKE LAW FIRM**
brentwelke@att.net